**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TOBIN PETTIET, )<br>)<br>Appellant-Defendant, )<br>)<br>vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>Appellee-Plaintiff. ) | No. 02A03-1312-CR-510 |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1308-FD-934

**July 31, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Tobin Pettiet (Pettiet), appeals the trial court's imposition of a three-year sentence after pleading guilty to Count II, domestic battery, a Class D felony, Ind. Code. § 35-42-2-1.3, without the benefit of a plea agreement.

We affirm.

## ISSUE

Pettiet raises one issue on appeal which we restate as: Whether his sentence was appropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On August 15, 2013, at approximately 12:05 am, there was a 911 "hangup" call placed which was traced back to the Pettiet home. (Appellant's App. p. 20). Officer Thomas Christen (Officer Christen) of the Fort Wayne Police Department was familiar with the address because of prior domestic battery incidents and arrived on the scene shortly after the call was made. When Officer Christen arrived, Pettiet's wife, Melyssa Pettiet (M.P.), was outside of the house. M.P. told Officer Christen that she had just had a physical altercation with Pettiet and that he had "struck her at least twice about her head and face." (Appellant's App. p. 21). Officer Christen observed that M.P. had a "goose egg" bruise on the left side of her eye. (Appellant's App. p. 21). M.P. explained that there had been tension between her and Pettiet all day and that M.P. was almost asleep in their bedroom when Pettiet "'snapped' and began hitting her." (Appellant's App. p. 21). When Pettiet left the room—with M.P.'s purse and car keys—M.P. locked the bedroom

2

door and subsequently jumped out of the window when Pettiet tried to reenter the room. At that point, M.P. placed the 911 call but hung up when she saw that Pettiet was following her in the car. Pettiet was not present at the house when Officer Christen arrived, but he later returned to the home and was arrested.

On August 21, 2013, the State charged Pettiet with Count I, domestic battery, a Class D felony, I.C. § 35-42-2-1.3; and Count II, domestic battery with a previous conviction for domestic battery, a Class D felony, I.C. § 35-42-2-1.3. On November 5, 2013, Pettiet pled guilty to Count II without the benefit of a plea agreement. The State dismissed Count I. On December 2, 2013, a sentencing hearing was held and the trial court imposed a three-year sentence.

Pettiet now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Pettiet contends that the three-year prison sentence imposed by the trial court was inappropriate. Indiana Appellate Rule 7(B) gives this court the authority to revise a sentence if, "after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In determining the appropriateness of a sentence, we may look to any factors appearing in the record. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). However, the burden is on the defendant to persuade the appellate court that his sentence is inappropriate. *Id*.

Pettiet argues that his sentence is inappropriate in light of his character and the nature of the offense. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one half years. I.C. § 35-50-2-7. When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007). The trial court sentenced Pettiet to three years, which is one and one half years more than the advisory sentence. *See* I.C. § 35-30-2-7.

The nature of the instant offense is that Pettiet was upset about his children from a prior relationship moving out of town and there had been tension between him and M.P. throughout the day. When he finally snapped, Pettiet woke M.P. up when she was nearly asleep by striking her two times. He then took M.P.'s car keys and purse so that she could not leave. However, M.P. jumped out of the bedroom window to escape because she feared that Pettiet would hit her again.

As to the character of the offender, Pettiet downplays his criminal history by asserting that only one of his prior offenses was violent, and the others were nonviolent and mostly related to his drug and alcohol use problems. We are not persuaded. Pettiet has an extensive criminal history that dates back to 1989 when he was a juvenile and includes six prior misdemeanor convictions and six prior felony convictions. Pettiet's criminal history includes misdemeanor convictions for operating while intoxicated, possession of marijuana, possession of alcohol by a minor, criminal mischief, and

4

disorderly conduct. It also includes felony convictions for theft, non-support of a dependent child, and the prior domestic battery conviction referenced in the charging information. Pettiet's felony probation has been revoked on three separate occasions. In addition, we also note that Pettiet was on parole for his prior felony conviction for domestic battery against M.P. at the time he committed the instant offense. Furthermore, the record shows that Pettiet has continued to use illegal drugs, indicating that he is not a law-abiding citizen and continues his life of crime.

Pettiet further asserts that his acceptance of responsibility, mental illnesses, and history of substance abuse should be taken into account to lower his sentence in this case. Pettiet's substance abuse problems are reflected in his significant criminal history. The record also reveals that he requested to be referred to Kelley House for substance abuse treatment; however, the record is silent as to whether he has sought such help prior to this offense. He is also a violent offender, so Kelley House will not accept him for treatment. Despite Pettiet's contentions regarding his substance abuse problems, he has consistently disregarded rehabilitative opportunities he was offered in the past, and prior rehabilitation efforts have failed. M.P. also issued a victim impact statement that disclosed prior incidents of physical abuse that she never reported.

Although Pettiet expressed remorse for his actions and took responsibility for the instant offense by pleading guilty, we are not convinced that he intends to turn his life around. The trial court found that Pettiet's extensive criminal background and rehabilitation failures, as well as the facts and circumstances of the instant case, warrant a

sentence higher than the advisory sentence. Giving due consideration to the trial court's decision, we cannot say that Pettiet's sentence is inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that Pettiet's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

ROBB, J. and BRADFORD, J. concur